MILLS, Judge.
General Elevator Corporation and Sentry Claims Service (E/C) appeal from an order of the deputy commissioner finding that Crews had not yet reached maximum medical improvement (MMI) and awarding temporary total disability benefits for seven weeks post-injury. We reverse.
Crews suffered two small cuts to his left thumb in an accident on 11 October 1984; there was no nerve or tendon damage. The treating physician, Dr. Helmers, sutured the cuts and told Crews to stay off work for two days. At a 13 October 1984 follow-up visit, Crews was released to full duty. On 15 October, Crews returned to the doctor on his own volition and obtained a slip allowing him to do light work only, with no use of the left thumb. Crews was terminated by the E/C on 18 October for excessive absenteeism and, on 20 October, was found by Dr. Helmers to be at MMI without permanent impairment. He was *1117 released to work without limitation or restriction.
Crews testified that he immediately commenced a job search, which yielded employment after seven weeks. The only contacts he could recall were with the state employment service and a temporary placement service. He worked at this initial position for only three weeks, but obtained another position after a second, three-week search, and has not been unemployed since.
On 6 December 1984, at Crews’ request, the E/C sent him to Dr. Borrero, a hand surgery specialist. Crews presented complaints of pain and stiffness in his thumb. Borrero’s examination revealed that the thumb was well-healed with intact sensation, normal range of motion, normal grip strength and no bone abnormalities. Borrero indicated in his report that there was no need for further treatment and that Crews had recovered from his injury without problem; he simply needed to massage the scar to reduce sensitivity and to exercise the thumb to reduce stiffness. Borre-ro concluded that Crews was “fully employable without restrictions nor (sic) limitations. I believe he has reached maximum medical benefits and does not require further medical treatment. There is no permanent impairment.”
Crews filed a claim for temporary total or temporary partial benefits and further medical evaluation. After a hearing, the deputy entered an order finding that Crews had not yet reached MMI, rejecting Dr. Helmers’ opinion to the contrary and relying on a prefatory sentence in Borrero’s December 1984 report that Crews was “recovering” from his injury. He awarded TTD benefits for the seven-week period after Crews’ injury and held him eligible for TPD benefits thereafter upon submission of the proper forms. He further held Crews entitled to medical evaluation and treatment by an orthopedist and plastic surgeon.
The order must be reversed in that there is no evidence in the record to support the deputy’s finding that Crews had not yet reached MMI. It was Dr. Helmers’ opinion that Crews had reached MMI without permanent impairment on 20 October 1984. We agree that the sentence in Dr. Borre-ro’s report which is relied on by the deputy seems to indicate, when read in isolation, that Crews was still recovering from his injury on 6 December 1984. However, when the report is read as a whole, it is clear that Borrero was of the opinion that Crews had reached MMI at least by that date without permanent impairment.
Although the foregoing medical evidence makes it clear that Crews had reached MMI at least by 6 December 1984, the exact MMI date cannot be determined from the record before us. Therefore, the order is reversed and the case remanded for determination of a date for MMI. This conclusion necessarily requires that the award of benefits be reversed as well.
Reversed.
SMITH, C.J., and ERVIN, J., concur.